United States District Court
Middle District of Florida
Jacksonville Division

**ANODA PHYLLIS KENDRICK CARTER,**

   *Plaintiff,*

v.                                        NO. 3:25-cv-558-WWB-PDB

**DUVAL COUNTY SCHOOL BOARD,**

   *Defendant.*

---

## Order

This order addresses two pending motions and compliance with the Local Rules and a standing order.

### 1.

Through a motion filed nine months after the deadline to amend the pleadings, *see* Doc. 17, the plaintiff moves for leave to file a third amended complaint to "organize … existing facts into distinct … counts," Doc. 24 ¶ 3, and revise the prayer for relief, Doc. 24 ¶ 6. Doc. 24. The defendant opposes the request. Doc. 25.

The Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. All parties must comply with the rules, even if the party is

proceeding without a lawyer. *McNair v. Johnson*, 143 F.4th 1301, 1307 (11th Cir. 2025); *see also McNeil v. United States*, 508 U.S. 106, 113 (1993) (explaining that the Court has "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel"); *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) ("[A]lthough we are to give liberal construction to the pleadings of [unrepresented] litigants, we nevertheless have required them to conform to procedural rules." (internal quotation marks and quoted authority omitted)).

Rule 16(b), Federal Rules of Civil Procedure, requires a district court to enter a scheduling order that limits the time for amending pleadings. Fed. R. Civ. P. 16(b)(3)(A). "[A] district court's decision to hold litigants to the clear terms of its scheduling orders is not an abuse of discretion." *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1307 (11th Cir. 2011).

Under Rule 15(a), Federal Rules of Civil Procedure, a court should freely permit amendment of a pleading if justice so requires.* But, under Rule 16(b)(4), if a party requests amendment of a pleading after the deadline in a scheduling order, the party must demonstrate good cause. *Smith v. Sch. Bd. of Orange Cnty.*, 487 F.3d 1361, 1367 (11th Cir. 2007). "[C]onsider[ing] only Rule 15(a) without regard to Rule 16(b) … would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause

---

*Under the rule, a court must freely provide leave to amend unless there is an "apparent or declared reason" to do otherwise, "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

The court need not consider whether the plaintiff satisfies Rule 15(a)'s liberal-amendment standard because she fails to establish good cause under Rule 16(b).

requirement out of the Federal Rules of Civil Procedure." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998).

The good-cause standard "precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Id.* at 1418 (internal quotation marks omitted). "If a party was not diligent, the good cause inquiry should end." *Id.* (internal quotation marks, alterations, and quoted authority omitted).

The plaintiff fails to demonstrate good cause. The underlying facts occurred mostly in 2023 and 2024. Doc. 1; Doc. 14. The action has been pending since 2025. Doc. 1. The plaintiff was informed about resources for unrepresented litigants at the outset. Doc. 5. The deadline to amend passed months ago. Doc. 17. Discovery ends later this month. Doc. 17. The plaintiff's assertion that the new pleading would restructure "existing facts" from her previous pleadings and would not introduce "surprise allegations," Doc. 24 ¶¶ 3–4, suggests that she had the relevant information when she filed the operative pleading and before the deadline for amending pleadings expired. And the defendant will suffer undue prejudice, as explained in its response, Doc. 25 at 4–7.

The court **denies** the plaintiff's motion for leave to file a third amended complaint, Doc. 24.

## 2.

The court **grants** the plaintiff's motion for access to the Electronic Case Filing (ECF) system, Doc. 26. She may access ECF at the court's website, www.flmd.uscourts.gov, after obtaining a login and password. She must have

the following resources to fully access ECF: internet access, an e-mail account, PDF capabilities, and a PACER account. ECF access is limited to this case.

Information about registering for an ECF account and electronic filing is on the court's website and attached to this order. The plaintiff must become familiar with, and follow, the policies and procedures in the *Administrative Procedures for Electronic Filing*, which are also on the court's website. Clerk's office personnel are available to answer specific questions during hours the clerk's office is open. The privilege of using ECF will be suspended or revoked without further proceedings if its use is abused through the filing of improper papers, frivolous motions, or otherwise.

As information, after successful registration, the plaintiff will receive a notice of electronic filing (NEF) email when a paper is filed in the case. An NEF email will include a hyperlink to view the filing for the first time at no charge. The hyperlink expires after the earlier of two events: the first use or 15 days after the notice is emailed. After the hyperlink expires, the plaintiff may view the filing by accessing PACER (which may require a fee) or by using a public-access terminal in the clerk's office. To avoid incurring fees, the plaintiff should print or save the filing when using the one free look.

**3.**

The parties are reminded that they must comply with the district judge's standing order entered on April 2, 2026 (requiring all filings to include a certificate about the use of generative artificial intelligence), and the plaintiff is reminded that she must comply with Local Rule 1.09 (requiring "Unopposed" in the title of an unopposed motion). The standing order (www.flmd.uscourts.gov/sites/flmd/files/documents/flmd-berger-standing-

order-on-ai.pdf) and Local Rules (www.flmd.uscourts.gov/sites/flmd/files/flmd-amended-local-rules-effective-november-01-2025.pdf) are available on the court's website.

**Ordered** in Jacksonville, Florida, on July 17, 2026.



Patricia D. Barksdale
*United States Magistrate Judge*

Attachment:
Non-Attorney E-File Registration

Copy to:
Anoda Phyllis Kendrick Carter (by U.S. Mail and email)
8634 Longford Dr.
Jacksonville, FL 32244
carteratlamoe@gmail.com